# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL ACTION NO. 12-00201-KD-C |
| | ) |
| DARRIE DEWAYNE DEES, | ) |
| a/k/a DEE-BO, | ) |
|     Defendant. | ) |

## ORDER

This action came before the Court for a competency hearing pursuant to 18 U.S.C. § 4241 regarding Defendant Darrie Dewayne Dees ("Defendant"). Defendant was initially examined locally by Dr. Murry Mutchnick, who, in a report submitted to the Court on November 26, 2012, recommended that Defendant be sent to a Federal Bureau of Prisons ("BOP") facility for further evaluation. (Doc. 26). Upon motions of both Defendant (Doc. 26) and the Government (Doc. 29) for a competency determination pursuant to § 4241, the Court ordered Defendant to undergo a psychological examination for a determination of his mental competency (Doc. 33). Defendant was examined by the BOP and a report was submitted to the Court on June 27, 2013. (Doc. 38). Dr. Mutchnick also evaluated the BOP report. (Doc. 55).

On September 4, 2013, the undersigned United States District Judge held a hearing to determine Defendant's mental competency. Present at this hearing were Defendant; Federal Public Defender Fred Tiemann, counsel for Defendant; and Assistant United States Attorney Michele O'Brien, counsel for the Government. The parties discussed the reports of Dr. Mutchnick and the BOP regarding Defendant. The BOP report found that Defendant is competent to participate and assist in his defense and stand trial in this action. It also found that he was competent at the time of the offenses alleged in the indictment. Dr. Mutchnick's

evaluation of that report states that he cannot offer sufficient evidence to refute it, though he cannot support its conclusions either.

A defendant shall be considered competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir. 1985), cert. denied, 474 U.S. 1073, 106 S. Ct. 834 (1986). See also Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) (noting that "the question is whether [the defendant] has the ability to understand the proceedings[]").

Based upon the findings set forth in the evaluation by the BOP (Doc. 38), which the Court **ADOPTS**, the Court finds by a preponderance of the evidence that Defendant does not suffer from a severe mental disease or defect and is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense; therefore, the Court finds that Defendant is competent to stand trial and was competent at the time of the offenses alleged in the indictment. It is so **ORDERED.**

Accordingly, it is **ORDERED** that this action is scheduled for **arraignment** on **Friday, September 6, 2013**, at **2:00 p.m.**

**DONE** and **ORDERED** this the **5th** day of **September 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**